UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES ALEXANDER RIALS,

    Plaintiff,

v.

DAISY AVALOS, et al.,

    Defendants.

Case No. 16-cv-04771-HSG

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP") in Soledad, California, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## ANALYSIS

**A.     Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity, or from an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b) (1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not

1  necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the
2  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).
3  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more
4  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not
5  do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."
6  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must
7  proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

8  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a
9  right secured by the Constitution or laws of the United States was violated; and (2) that the
10 violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S.
11 42, 48 (1988).

**B.  Complaint**

Plaintiff is a practicing Muslim of the Moorish Science Temple of America. Docket No. 1 at 12. A week prior to March 15, 2016, Correctional Officer Daisy Avalos stopped Plaintiff as Plaintiff was headed towards Facility C Exercise Yard No. 1. *Id.* at 3. CO Avalos conducted a search of Plaintiff's person and property, and located two personal photos in the folders which Plaintiff carries with him daily. *Id.* When questioned regarding these photos, Plaintiff informed CO Avalos that the two photos were religious artifacts which he uses in his daily religious practice. *Id.* CO Avalos informed Plaintiff that personal items are not allowed outside of an inmate's cell. *Id.* at 10.

On March 15, 2016, as Plaintiff was headed back to C-1 yard from his job assignment, CO Avalos again stopped Plaintiff and searched him. Docket No. 1 at 4 and 16. During her search, she again discovered multiple personal photos inside Plaintiff's state-issued folders. *Id.* CO Avalos again informed Plaintiff that it was prohibited to bring any type of personal items not pertaining to his job duties outside of his cell. *Id.* at 4 and 16. On March 29, 2016, CO Avalos issued Plaintiff a Rules Violation Report ("RVR") for disobeying orders, with respect to the March 15, 2016 incident. *Id.* at 4 and 16.

On March 30, 2016, Plaintiff filed a grievance alleging that this RVR, which has been

2

placed in his central file, has severely diminished his ability to practice his religion, in comparison to other similarly situated inmates and that there was no legitimate penological interest that justified the RVR. Docket No. 1 at 5 and 12–15. Plaintiff requested that the RVR be removed from his central file. *Id.* Plaintiff's grievance was denied at all levels of review, with Deputy Warden Solis reviewing and denying the grievance at the final level of review.

Plaintiff has named as defendants CO Avalos, Deputy Warden Solis, and Community Resource Manager ("CRM") Carol Hernandez. Plaintiff alleges that CO Avalos' issuance of the RVR and Deputy Warden Solis' denial of his grievance violated his rights under the free exercise clause of the First Amendment. Plaintiff also alleges that CO Avalos issued the RVR in retaliation for Plaintiff's position as Chairman of the SVSP Inmate Advisory Council. Plaintiff also alleges that SVSP lacks understanding of religious programs because CRM Hernandez has failed to fulfill her duty of improving SVSP's understanding of religious programs. Finally, Plaintiff alleges that Deputy Warden Solis violated his due process rights because Deputy Warden Solis's denial of Plaintiff's grievance violated SVSP policies and practices that protected Plaintiff's right to free exercise of religion.

**C.     Discussion**

      **1.     First Amendment Free Exercise Claim**

In order to establish a free exercise violation, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. *See Shakur v. Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008). Liberally construed, Plaintiff has stated a cognizable First Amendment claim against CO Avalos for violation of his right to free exercise of religion.

However, Plaintiff has not stated a cognizable First Amendment claim against Deputy Warden Solis. There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Prison officials' actions in reviewing and denying inmate appeals generally cannot serve as a basis for liability under § 1983. *Id.*

Nor has Plaintiff stated a cognizable First Amendment claim against CRM Hernandez. "A

person deprives another of a constitutional right under section 1983, where that person "'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark County School Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). The "requisite causal connection may be established" not only by some kind of direct personal participation in the deprivation, but also by setting in motion "a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury." *Id.* (citing *Johnson*, 588 F.2d at 743–44). Plaintiff's vague and conclusory allegation that SVSP lacks understanding of religious programs because of CRM Hernandez's management fails to state a causal connection between CRM Hernandez's actions, or lack thereof, and CO Avalos' violation of Plaintiff's First Amendment free exercise right.

However, the Court cannot say at this stage that no set of facts possibly could be alleged to cure the deficiencies in the First Amendment free exercise claims against Deputy Warden Solis and CRM Hernandez. Accordingly, these claims are DISMISSED with leave to amend to correct the identified deficiencies if Plaintiff can truthfully do so. *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996) ("A complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief.")

### 2. Retaliation Claim

Plaintiff has failed to state a cognizable First Amendment retaliation claim against CO Avalos. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as

4

preserving institutional order and discipline). Plaintiff bases his retaliation claim on allegations that CO Avalos issued an RVR in retaliation for Plaintiff's position as Chairman of the SVSP Inmate Advisory Council. Plaintiff should note that in order to state a valid claim for retaliation, he must allege that a prison official retaliated against him for the exercise of his constitutional rights. *See Rhodes*, 408 F.3d at 567–68; *Hines v. Gomez*, 108 F.3d 265, 267–68 (9th Cir. 1997). Retaliation against Plaintiff because of his leadership position in the SVSP Inmate Advisory Counsel does not state a claim because his leadership position is not an exercise of his constitutional rights. Because the Court again cannot say at this stage that no set of facts possibly could be alleged to cure the deficiency in Plaintiff's retaliation claim, this claim is DISMISSED with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

### 3. Due Process Claim

Plaintiff has failed to state a cognizable Fourteenth Amendment claim against Deputy Warden Solis. The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570–71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The touchstone of due process is protection of the individual against arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998). The Due Process Clause of the Fourteenth Amendment confers both procedural and substantive rights. *See Armendariz v. Penman*, 75 F.3d 1311, 1318 (9th Cir. 1996) ("*Armendariz II*") (en banc). Substantive due process refers to certain actions that the government may not engage in, no matter how many procedural safeguards it employs. *See County of Sacramento v. Lewis*, 523 U.S. 833, 847 (1998); *Blaylock v. Schwinden*, 862 F.2d 1352, 1354 (9th Cir. 1988). Due process protection in the substantive sense limits what the government may do in both its legislative and executive capacities. *See Lewis*, 523 U.S. at 846. "Only official conduct that 'shocks the conscience' is

cognizable as a due process violation." *Porter v. Osborn*, 952 F.3d 1131, 1137 (9th Cir. 2008) (quoting *Lewis*, 523 U.S. at 846). Plaintiff's allegation that Deputy Warden Solis's denial of Plaintiff's grievance violated SVSP policies and practices that protected Plaintiff's right to free exercise of religion fails to state a due process violation. Moreover, as discussed above, prison officials' actions in reviewing and denying inmate appeals generally cannot serve as a basis for liability under §1983. *See Ramirez*, 334 F.3d at 860. Because the Court again cannot say at this stage that no set of facts possibly could be alleged to cure the deficiency in Plaintiff's due process claim, this claim is DISMISSED with leave to amend to correct the identified deficiency, if Plaintiff can truthfully do so.

## CONCLUSION

For the foregoing reasons, the complaint is dismissed with leave to amend to address the deficiencies identified above.

Within **twenty-eight (28) days** of the date of this order, Plaintiff shall file an amended complaint. The amended complaint must include the caption and civil case number used in this order, Case No. C 16-04771 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. Because an amended complaint completely replaces the previous complaints, Plaintiff must include in his amended complaint all the claims he wishes to present, including the claims which the Court has already found cognizable, and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaint by reference.

**Failure to file an amended complaint in accordance with this order in the time provided will result in dismissal of this action without further notice to Plaintiff.**

//
//
//
//

6

The Clerk shall include two copies of a blank complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated: December 27, 2016

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ALEXANDER RIALS,<br><br>  Plaintiff,<br><br>  v.<br><br>DAISY AVALOS, et al.,<br><br>  Defendants. | Case No. 16-cv-04771-HSG<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 27, 2016, I SERVED a true and correct copy(ies) of the attached and **two copies of a blank complaint**, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

James Alexander Rials ID: AH-0847
Salinas Valley State Prison
P.O. Box 1050
Soledad, CA 93960-1050

Dated: December 27, 2016

  Susan Y. Soong
  Clerk, United States District Court

  By:_____
  Nikki D. Riley, Deputy Clerk to the
  Honorable HAYWOOD S. GILLIAM, JR.

8